# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  26-60220-CIV-DAMIAN

**WILIAM ABNER MAZARIEGOS LOPEZ**,

      Petitioner,

v.

**PAMELA JO BONDI**, *et al.*,

      Respondents.

_____/

## ORDER TRANSFERRING MATTER TO MIDDLE DISTRICT OF FLORIDA

**THIS CAUSE** is before the Court on Petitioner Wiliam Abner Mazariegos Lopez's ("Petitioner"), Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1], filed January 28, 2026. Respondents filed their Response on February 12, 2026, arguing, *inter alia*, that the Petition should be transferred to the United States District Court for the Middle District of Florida because Petitioner is confined within that District [("Response") ECF No. 6 at 3-5].

THE COURT has considered the Petition, the Response, and Petitioner's Reply thereto [ECF No. 7], the pertinent portions of the record, and relevant authorities and is otherwise fully advised. As set forth below, this Court finds that a transfer of the Petition to the United States District Court for the Middle District of Florida is warranted.

In the Petition, the Petitioner asks this Court to "Issue an Writ of Habeas Corpus ordering Respondents to release Petitioner immediately." *See* Pet. at 19. Petitioner indicates he is "in the physical custody of Respondents at the Glades County Detention Center." *Id.* ¶ 1. However, in his Petition, Petitioner argues that he should be permitted to prosecute his Petition in the Southern District of Florida "because a substantial part of the events giving

rise to these claims occurred in this district[,]" namely, "all of his removal and bond proceedings were held" at the Broward Transitional Center in Pompano Beach, Florida. *Id.* ¶ 13. 1-2. In short, Petitioner argues that he need only show that venue is proper under 28 U.S.C. § 1391(e) for this Court to rule on his petition. *See id.*

The applicable habeas statute, 28 U.S.C. § 2241, permits courts to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted the "within their respective jurisdiction language to mean that a Section 2441 petitioner challenging his present physical custody must file a petition for writ of habeas corpus in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004). This same rule applies even for petitions filed by immigration detainees, where "jurisdiction lies in only one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citing *Padilla*, 542 U.S. at 443); *see also M.C.C. v. Warden, Stewart Detention Ctr.*, No. 26-cv-120-CFL, 2026 WL 261467, at *1 (M.D. Ga. Jan. 30, 2026) (transferring immigration habeas petition to Southern District of Georgia because the petitioner was detained at an ICE processing center located in the Southern District of Georgia).

Glades County, where Petitioner is detained, lies within the jurisdiction of the Middle District of Florida. *See* 28 U.S.C. § 89(b). The Petition offers no allegations indicating that Petitioner is confined in the Southern District. *See Trump v. J.G.G.*, 604 U.S. at 672 ("[J]urisdiction lies in only one district: the district of confinement."). Therefore, this Court agrees with Respondents that under Section 2241, venue is not proper in the Southern District of Florida.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought." District courts have the authority to transfer cases *sua sponte*. *See Kapordelis v. Danzig*, 387 F. App'x 905, 907 (11th Cir. 2010) (affirming district court's *sua sponte* transfer of case pursuant to 28 U.S.C. § 1406(a)).

Here, because the Petition concerns Petitioner's allegedly unlawful detention in the Middle District of Florida, the Middle District of Florida is the correct venue to adjudicate the Petition.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Middle District of Florida.

2. The Clerk of Court is directed to **CLOSE** this case in this Court.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, on this 17th day of March, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**